UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

ANTHONY McNEAL,              )
                Movant,      )
                             )
    vs.                      )    1:08-cv-1592-WTL-DML
                             )
UNITED STATES OF AMERICA.    )

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255**

A motion pursuant to 28 U.S.C. § 2255 is the presumptive means by which a federal prisoner can challenge her conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343-44 (1974). That is the relief sought in this action by Anthony McNeal.

Having considered the pleadings and the expanded record, and being duly advised, the court finds that McNeal's motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.**

**I. Background**

Drug charges against McNeal in IP06-cr-113-01-T/F were resolved through the submission and the court's acceptance of a plea agreement which provided, in part, that McNeal would plead guilty to distribution of fifty grams or more of a substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1). The plea agreement also provided that "in the event McNeal is sentenced to a term of imprisonment of not more than 120 months, . . . [he] expressly waive[d] his right to appeal the conviction and any sentence imposed in [his] case on any ground, . . . [and additionally] expressly agree[d] not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255."

On November 16, 2007, a change of plea proceeding was conducted. At that proceeding, the court found that McNeal's plea of guilty was knowingly and voluntarily entered, and that a factual basis for the plea was established. The court accepted the Plea Agreement and McNeal's plea of guilty, and adjudged McNeal guilty as charged. On January 25, 2008, a sentencing hearing was conducted. At that hearing, McNeal was sentenced to an executed term of imprisonment of 120 months.

There was no direct appeal taken from the disposition described above, but McNeal has, as noted, filed this action seeking relief pursuant to 28 U.S.C. § 2255. He contends that his counsel was ineffective for failing to investigate alleged evidence tampering, for failing to file a notice of appeal on McNeal's behalf, in the negotiation of McNeal's Plea Agreement. He also asserts that he is actually innocent.

## II. Discussion

A court may grant relief from a federal conviction or sentence pursuant to 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

The United States has responded to McNeal's claims by arguing that the waiver provision of the plea agreement bars the action and that his claims are, in any event, without merit.

"In order for a plea to be valid, it must be made voluntarily, knowingly, and intelligently." *Hays v. United States,* 397 F.3d 564, 567 (7th Cir. 2005) (citing cases). A plea is voluntary "when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Jordan,* 870 F.2d 1310, 1316 (7th Cir. 1989) (citing *Brady v. United States,* 397 U.S. 742, 755 (1970)). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.* McNeal entered such a plea in this case--in conformity with both constitutional guidelines and the requirements of Rule 11 of the *Federal Rules of Criminal Procedure.*

The Seventh Circuit has recognized the validity of waivers such as the waiver provision in the *Plea Agreement* between McNeal and the United States and will enforce such provisions unless there is a claim that the waiver was entered into involuntarily or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. In *Jones v. United States,* 167 F.3d 1142, 1145 (7th Cir. 1999), the Seventh Circuit explained that "waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver." In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the Seventh Circuit applied its holding in *Jones* to bar an ineffective assistance of counsel claim that related only to the petitioner's performance with respect to sentencing. The Court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [petitioner] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.*

McNeal does not challenge the waiver provision. He does not contend that the *Plea Agreement* was not made voluntarily, knowingly, and intelligently. In addition, he does not allege that his counsel was ineffective with regard to the negotiation of the waiver provision.

McNeal has wholly failed to establish that the waiver provision was not knowingly or voluntarily made, and has equally failed to demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver provision. The waiver provision, therefore, is valid and enforceable. The waiver provision extends even to the claim that McNeal's attorney failed to file a notice of appeal when directed to do so. *See Nunez v. United States,* 546 F.3d 450, 453 (7th Cir. 2008). "Because the plea was voluntary, the waiver of appeal must be enforced." *Id.* "And that waiver knocks out Nunez's argument that his lawyer failed to follow his instruction to file an appeal." *Id.*

### III. Conclusion

For the reasons explained above, McNeal is not entitled to relief in this action. He executed a waiver of his right to proceed in this action and that waiver is valid. The court **denies** McNeal's motion for relief pursuant to 28 U.S.C. § 2255 without reaching the merits of his claims. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 12/18/2009

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana