**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANTHONY McNEAL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | 1:08-cv-1592-WTL-DML |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1. A copy of the movant's motion for reconsideration filed on January 14, 2010, shall be included with the distribution of this Entry.

2. It has long been the law in the Seventh Circuit that "any paper asking for the relief provided by § 2255 ¶ 1 *is* a motion under § 2255, without regard to its caption or other details." *Ellzey v. United States,* 324 F.3d 521, 524 (7th Cir. 2003) (citing cases). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis . . . the name makes no difference. It is substance that controls." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004). The scope of relief available through 28 U.S.C. § 2255 is equally clear: This statute authorizes relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

3. The movant's motion filed on January 14, 2010, is addressed to the Judgment entered on December 22, 2009. Specifically, the movant renews his argument that the claims in his § 2255 motion warranted relief. The conclusion is thus inescapable that the motion filed on January 14, 2010, must be treated as a motion for relief pursuant to 28 U.S.C. § 2255. Pursuant to *Gonzalez v. Crosby,* 125 S. Ct. 2641 (2005), a Rule 60(b) motion should not be treated as a second or successive petition where it attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas petition," 125 S. Ct. at 2648, but *is* to be treated as a second or successive petition where it seeks to add a new ground for relief, such as a new claim of constitutional error, newly discovered evidence, or a subsequent change in the substantive law governing the original claims, or where it "attacks the federal court's previous resolution of a claim on the merits." *Id.* at 2647-48.

4. Circuit precedent dictates that the movant's motion filed on January 14, 2010, be treated as a motion for relief pursuant to 28 U.S.C. § 2255. Because the first step in the circumstances described above is a procedural one, the clerk shall process the defendant's filing of January 14, 2010, as a new civil action. The nature of suit code for the new action is 510, and the cause of action is 28 U.S.C. § 2255. When composing the caption, the defendant shall be the movant and the United States of America is the defendant. The assignment of judicial officers to the new action shall be the same as those assigned to the underlying criminal case.

**IT IS SO ORDERED.**

Date: 01/21/2010

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony McNeal
Reg. No. 08319-028
Milan FCI
P.O. Box 1000
Milan, MI 48160

gerald.coraz@usdoj.gov

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**