**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ANTHONY McNEAL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | 1:08-cv-1592-WTL-DML |
| ) | |
| UNITED STATES OF AMERICA. ) | |

**Entry Concerning Selected Matters**

For the reasons explained in this Entry, both the movant's request for the re-issuance of a certificate of appealability and his request to proceed on appeal *in forma pauperis* must be **denied.**

**I.**

The plain language of 28 U.S.C. § 2253(c)(1)(B) requires a certificate of appealability to appeal "the final order in a proceeding under section 2255." "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court stated:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* at 484.

In this case, there are no circumstances discernible from the pleadings or the record which satisfy grounds on which a certificate of appealability could be issued. For the reasons which accompanied the dismissal of those claims in the Entry of December 22, 2009, therefore, the movant's request for the issuance of a certificate of appealability (dkt 20) is **denied.**

## II.

The movant seeks leave to proceed on appeal without prepayment of the appellate fees of $455.00. An appeal may not be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915; see *Coppedge v. United States,* 369 U.S. 438, 82 S. Ct. 917 (1962). "Good faith" within the meaning of § 1915 must be judged by an objective, not a subjective, standard. *See Id.* There is no objectively reasonable argument which the movant could present to argue that the disposition of this action was erroneous. Indeed, his request to proceed on appeal *in forma pauperis* does not even make reference to the rationale for the disposition in this action, much less identify an arguable basis for believing that disposition to have been incorrect. In addition, his request for the issuance of a certificate of appealability has been denied. In pursuing an appeal, therefore, the movant "is acting in bad faith . . . [because] to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026 (7th Cir. 2000). Accordingly, his appeal is not taken in good faith, and for this reason his request for leave to proceed on appeal *in forma pauperis* (dkt 19) is **denied.**

**IT IS SO ORDERED.**

Date: 02/24/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Anthony McNeal
Reg. No. 08319-028
Milan FCI
P.O. Box 1000
Milan, MI 48160

gerald.coraz@usdoj.gov